# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**SHELLI RAE HERBERT**,<br><br>Debtor. | Case No. **13-60193-7** |
| **SHELLI RAE HERBERT**,<br><br>Plaintiff.<br><br>-vs-<br><br>**PHH Mortgage Corporation** and **PHH Mortgage Corporation c/o Cassie Dellwo**,<br><br>Defendants. | Adv No. **15-00007** |

## MEMORANDUM OF DECISION

At Butte in said District this 5th day of November, 2015.

Pending in this adversary proceeding are: The motion to dismiss filed by Defendant PHH Mortgage Corporation ("PHH"), and Plaintiff/Debtor Shelli Rae Herbert's ("Herbert") objection thereto and motion to stay or withdraw state court proceedings. A hearing on these matters was held at Missoula on September 3, 2015. PHH was represented at the hearing by attorney Doug James of Billings. Herbert appeared represented by attorneys Beth Hayes and Flint Murfitt of Helena. At the conclusion of the hearing the Court took these motions under advisement. After review of the record and applicable law, for the reasons set forth below PHH's motion to dismiss will be granted and this adversary proceeding will be dismissed without prejudice to Herbert's

1

right to pursue her nonbankruptcy claims in another forum. Herbert's motion to withdraw or stay state court proceedings will be denied.

## FACTS

The docket for Case No. 13-60193-7 shows that Herbert, pro se, filed a voluntary chapter 7 petition on February 22, 2013. Her Schedules listed real property at 1334 N. Sunset Bench in Stevensville, Montana, encumbered by a mortgage held by ERA Mortgage. The notice of commencement of the chapter 7 case was sent to creditors, but it was not sent to Defendant PHH. No proof of claim was filed by ERA Mortgage, by PHH, or by any other creditor asserting a claim secured by a mortgage on the residence. After the time for filing objections to discharge expired, a discharge of the Debtor was entered on June 12, 2013.

PHH filed a motion to modify stay on November 5, 2013, seeking relief from the stay to seek foreclosure on Debtor's residence. The motion was served on the Debtor and the Trustee. After the notice period expired without objection the Court entered an Order granting PHH's motion to modify stay on November 25, 2013. A final decree was entered and the case was closed on January 8, 2014.

On February 2, 2015, Debtor moved to reopen the case, which the Court granted on February 24, 2015. On March 19, 2015, Debtor, now represented by attorneys from Montana Legal Services Association, filed a motion for an order for contempt and for sanctions against PHH for willful violations of the automatic stay and the discharge injunction. PHH filed objections and filed a motion to annul the stay. The Court held hearings on those motions in the main case, most recently on September 3, 2015, and the Court will enter a decision on both of

2

those motions after completing the record.[1]

Herbert initiated this adversary proceeding by filing a complaint on March 19, 2015, and filed on the same date a motion to stay or remove state court proceedings pending in the Montana Twenty-First Judicial District Court, Ravalli County, Cause No. DV-14-280.  The complaint avers nine claims for relief, including:  One (claims for violations of the automatic stay under 11 U.S.C. § 362(a); Two (alleging violations of the Telephone Consumer Protection Act – 47 U.S.C. § 227(b); Three (violations of the Montana Consumer Protection Act); Four (Trespass violation under Montana law); Five (Negligence); Six (Negligent Misrepresentation); Seven (Actual/Constructive Fraud); Eight (Breach of Contract); and Nine (Punitive Damages – Mont. Code Ann. § 27-1-221(1)).

PHH filed an objection to Herbert's motion to remove or stay state court foreclosure proceedings, and filed on April 28, 2015, a motion to dismiss this adversary proceeding under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (applicable in this adversary proceeding under F.R.B.P. 7012) on the grounds this Court lacks subject matter jurisdiction over Herbert's claims for relief based on state law and nonbankruptcy federal statutes, and that Herbert's claims based on violations of the automatic stay and violations of the discharge injunction should be addressed as contested matters in the main bankruptcy case instead of in an adversary proceeding.

After a period in which the parties attempted, unsuccessfully, to negotiate a settlement, Herbert filed an objection to PHH's motion to dismiss arguing that this Court has jurisdiction of all her claims for relief because of their relation to PHH's alleged violations of the automatic

---

[1] Herbert filed a "motion to correct record" to change her testimony at the hearing on September 3, 2015.  PHH has filed an objection and that matter is scheduled for hearing on December 3, 2015.

stay, and urging this Court to exercise jurisdiction. The matters were heard on September 3, 2015. PHH's attorney James advised the Court that, although PHH has yet to file an answer, PHH will demand for a jury trial and, further, that PHH does not consent to this Court entering a final decision and judgment with respect to Herbert's non-core claims for relief.

## DISCUSSION

This Court has exclusive jurisdiction of the above-captioned chapter 7 bankruptcy case, and the allegations of Count One of the complaint alleging violations of the automatic stay are related to this bankruptcy. 28 U.S.C. § 1334(a) & (b). Debtor's motion for contempt and Count One seeking relief for violations of the automatic stay are core proceedings under 28 U.S.C. § 157(b)(2). Counts Two - through - Nine are non-core proceedings.

PHH frames its motion to dismiss as based on a lack of jurisdiction, based upon the decision by the United States Supreme Court in *Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). The Supreme Court in *Stern* wrote that § 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. *Stern v. Marshall*, 131 S.Ct. at 2607. "That allocation does not implicate matters of subject matter jurisdiction." *Id.* However, the Supreme Court concluded that bankruptcy courts lack the constitutional authority to enter final judgments on state law counterclaims that are not resolved in the claims allowance process. *Stern v. Marshall*, 131 S.Ct. at 2607, 2620.

Counts Two through Nine of Plaintiff's complaint are based on nonbankruptcy federal and state statutes. PHH did not file a proof of claim in Herbert's chapter 7 case; thus, its claim was not part of the claims allowance process. The Supreme Court held that bankruptcy courts lack the constitutional authority to enter final judgments on state law counterclaims that are not

4

resolved in the claims allowance process. *Stern v. Marshall*, 131 S.Ct. at 2607, 2620.

In addition, PHH is on the record that it will demand a jury trial, and that it does not consent to this Bankruptcy Court entering a final judgment. Thus, with respect to the eight non-core claims for relief, whether this Court conducts a jury trial or not, it would be limited to submitting proposed findings and conclusions to the district court for *de novo* review. *See* 28 U.S.C. § 157(c)(1).

A creditor who files a claim in a bankruptcy proceedings subjects itself to the equitable power of the bankruptcy court and, therefore, is not constitutionally entitled to a jury trial of any legal action the bankruptcy trustee brings to recover a preferential transfer from the creditor. *In re Schreiber*, 18 Mont. B.R. 41, 44 (Bankr. D. Mont. 1999); *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (per curiam), *rehearing denied* 498 U.S. 1043 (1991); *see Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594, 2598 (2011), citing *Langencamp*; *see also In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 563 (9th Cir. 2012), *aff'd.*, *Exec. Benefits Ins. Agency v. Arkison*, _ U.S. _, 134 S.Ct. 2165 (2014).

Further, where proceedings are equitable in nature, there is no right to a trial by jury. *In re M & L Business Machine Company, Inc. ("M & L Business")*, 59 F.3d 1078, 1082 (10th Cir. 1995) (*citing Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct 2782, 106 L.Ed.2d 26 (1989)); *see also In re Smith*, 205 B.R. 226, 229 (9th Cir. BAP 1997). While Count One of Herbert's complaint may be equitable in nature, some of her other eight claims for relief are based on federal or state statutes, so PHH arguably has a right to trial by jury. *M & L Business*, 59 F.3d at 1082; *Granfinaciera,* 492 U.S. at 64, 109 S.Ct 2802.

Herbert argues that Count One seeking damages for PHH's violations of the stay warrant

this Court exercising jurisdiction of all nine claims for relief. After consideration of the above-cited authority, the Court declines to agree. The Court deems judicial economy and the parties' interests are better served litigating their claims in a different forum. As for Count One, the Court views it as duplicative of Herbert's motion for contempt and sanctions which is pending in Herbert's chapter 7 case. This Court has held multiple hearings on her motion and yet another hearing is scheduled for December 3, 2015. After that the Court will close the record and enter a decision on Herbert's motion for contempt and PHH's motion to annul stay, which when final will have preclusive effect as to PHH's alleged violations of the automatic stay. Count One is therefore redundant to the Court's determinations in Herbert's chapter 7 case and is no reason for this Court to undertake a jury trial on non-core proceedings in spite of the holding in *Stern v. Marshall*. For these reasons,

**IT IS ORDERED** a separate Order shall be entered overruling Plaintiff's objections and granting PHH's motion to dismiss this adversary proceeding based upon the holding in *Stern v. Marshall*, without prejudice to Herbert's right to pursue her claims in an appropriate nonbankruptcy forum; and denying Herbert's motion to withdraw or stay state court proceedings.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge